UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Neal Bordenave,<br><br>               Plaintiff,<br><br>   v.<br><br>Safeco Insurance Company of Illinois, Braden J. Danyus,<br><br>              Defendants. | No. 2:20-cv-01939-KJM-DMC<br><br>ORDER |

Plaintiff Neal Bordenave originally brought this action in state court against defendants Safeco Insurance Company of Illinois and appraiser Braden Danyus. Safeco removed the action to this court based on the parties' diversity of citizenship. Mr. Bordenave has moved to remand. For the reasons below, the court **grants** the motion to remand.

**I.    BACKGROUND**

Mr. Bordenave had a home insurance policy with Safeco when his home was destroyed in the 2018 Camp Fire. Compl. ¶¶ 8–12, Not. Removal Ex. A, ECF No. 1; *see generally* Policy, Not. Removal Ex. A, ECF No. 1. After the fire, Mr. Bordenave filed a claim with Safeco, seeking payment of benefits under the policy. Compl. ¶ 13. Mr. Bordenave alleges Safeco attempted to minimize the payout under the policy by undervaluing his losses and making lowball offers to cover the cost of replacing his home, *id*. ¶ 15, which he refused to accept, *id*. ¶ 17.

1

Mr. Bordenave elected to purchase a replacement home "in lieu of rebuilding" his home, as permitted by his policy coverage. *Id.* ¶ 22. Mr. Bordenave found a new home. *Id.* Safeco hired Mr. Danyus to appraise it. *Id*. ¶ 23. Mr. Bordenave alleges Mr. Danyus falsely inflated the value of the replacement property to minimize Safeco's payment. *Id*. ¶¶ 24–25.

As noted, Mr. Bordenave originally filed this action in California state court. Not. Removal ¶ 1. Against Safeco, Mr. Bordenave asserts breach of contract and breach of the covenant of good faith and fair dealing. Compl. ¶¶ 29–41. Against Mr. Danyus, he asserts negligent misrepresentation, violation of Business and Professions Code section 17200, and tort of another. *Id*. ¶¶ 42–62. Safeco removed the matter to this court, asserting diversity jurisdiction. *See generally* Not. Removal. Safeco is a corporation organized in Illinois with its principal place of business in Massachusetts, while Mr. Bordenave and Mr. Danyus are both citizens of California. *Id*. ¶¶ 8–10. Safeco alleges in the notice of removal that Mr. Bordenave fraudulently joined Mr. Danyus in an attempt to prevent removal. *Id.* ¶¶ 13–14. Mr. Bordenave's motion to remand is fully briefed and the court submitted it without oral argument. Mot. Remand, ECF No. 6; Opp'n, ECF No. 7; Reply, ECF No. 9; Min. Order, ECF No. 8.

## II.   LEGAL STANDARD

When a federal district court would have had original jurisdiction over an action originally filed in state court, the action may be removed to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Removal is proper only when (1) the case presents a federal question or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Diversity jurisdiction requires complete diversity, meaning each plaintiff has different citizenship when compared to each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & Ohio Ry. Co.*

*v. Cockrell*, 232 U.S. 146, 152 (1914)). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citation and marks omitted). The court may find fraudulent joinder only if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "But 'if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). The "plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Nasrawi*, 713 F. Supp. 2d at 1084–85 (citation and marks omitted).

"Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation and marks omitted). The removing defendant "bears a heavy burden" in attempting to show removal as here is proper given the "general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1044.

### III. ANALYSIS

Mr. Bordenave argues the case must be remanded because Mr. Danyus is properly joined and not completely diverse. Mot. Remand at 6–8. Safeco argues Mr. Danyus was fraudulently joined, in part because, it says, all the claims against Mr. Danyus are barred by the economic loss rule. Opp'n at 10–12.

"[T]he economic loss rule 'prevent[s] the law of contract and the law of tort from dissolving one into the other.'" *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) (citation omitted). Generally, purely economic losses are not recoverable based on a negligence claim. *S.M. Wilson & Co. v. Smith Int'l, Inc.*, 587 F.2d 1363, 1376 (9th Cir. 1978);

*Seely v. White Motor Co.*, 63 Cal. 2d 9, 16–18 (1965).  However, a plaintiff can recover tort damages in a contract case if there was physical harm, if a defendant breached a legal duty independent of the contract, or if a "special relationship" existed between the parties.  *See Robinson*, 34 Cal. 4th at 989; *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 804 (1979).

Mr. Bordenave is able to state a claim against Mr. Danyus despite the economic loss rule. Real estate appraisers and insurance company employees can be liable for negligent misrepresentation under California law in some circumstances even when they are not parties to a contract.  *See Cecena v. Allstate Ins. Co.*, 358 F. App'x 798, 799–800 (9th Cir. 2009) (unpublished) (citing *McNeill v. State Farm Life Ins. Co.*, 116 Cal. App. 4th 597, 603 (2004)). For example, in *Soderberg v. McKinney*, an appraiser faced potential tort liability for misrepresentations in an appraisal even though the appraiser was not hired by the investors who claimed they were harmed.  *See* 44 Cal. App. 4th 1760, 1766–67 (1996) ("[A] supplier of information is liable for negligence to a third party only if he or she intends to supply the information for the benefit of one or more third parties in a specific transaction or type of transaction identified to the supplier." (citing *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 392 (1992))).

The Court of Appeal's decision in *Bock v. Hansen* confirms a tort claim might be viable against Mr. Danyus here.  225 Cal. App. 4th 215 (2014).  In *Bock*, the court recognized that an insurance adjuster can be liable for negligent misrepresentation.  *See generally id.*  Safeco claims *Bock* is distinguishable because the adjuster's misrepresentations in that case allegedly caused physical harm, whereas Mr. Bordenave alleges no physical injury.  Opp'n at 17.  At least one federal district court has read *Bock* as Safeco does.  *See Feizbakhsh v. Travelers Com. Ins. Co.*, No. 16-2165, 2016 WL 8732296, at *6 (C.D. Cal. Sept. 9, 2016) (finding *Bock* "applied the well-settled rule that an agent can be held personally liable for negligent misrepresentation when physical injury results").  Many other federal district courts, however, have held that negligent misrepresentation claims might be viable even without allegations of physical injury "because such claims are not 'obviously foreclosed according to settled principles.'"  *Livshetz v. Fed. Ins. Co.*, No. 20-3374, 2020 WL 4748461, at *3 (C.D. Cal. Aug. 17, 2020) (quoting *Zuccolotto v.*

*Zurich Am. Ins. Co.*, No. 16-1277, 2016 WL 10981515, at *3 (C.D. Cal. Sept. 26, 2016)); *see also, e.g.*, *818Computer, Inc. v. Sentinel Ins. Co., Ltd.*, No. 19-9, 2019 WL 698102, at *4 (C.D. Cal. Feb. 19, 2019). These courts persuasively reason that any "uncertainty surrounding the proper scope of *Bock*" means a state court must determine whether the negligence claim has merit. *Zuccolotto*, 2016 WL 10981515 at *3. While it remains uncertain whether a state court would allow the tort claims against Mr. Danyus to proceed, even a remote possibility of success on a single claim means Mr. Danyus was not fraudulently joined. *See Livshetz*, 2020 WL 4748461, at *3 ("[A]ny ambiguity in state law must be resolved in favor of the [plaintiff]."); *Nasrawi*, 713 F. Supp. 2d at 1084–85.

Safeco also urges the court to hold that Mr. Danyus was fraudulently joined because Mr. Bordenave does not adequately plead negligent misrepresentation. Opp'n at 13–17. This argument misperceives the relevant legal test. "If a plaintiff's complaint can withstand a Rule 12(b)(6) motion . . . it necessarily follows that the defendant has not been fraudulently joined." *Grancare*, 889 F.3d at 550. The inverse, however, is not necessarily true. That is, if the complaint could not survive a motion to dismiss, the fraudulent joinder "inquiry does not end." *Id.* "[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id*.

In any event, Mr. Bordenave's allegations satisfy the applicable pleading requirements for purposes of this motion. A negligent misrepresentation claim has five elements: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007) (citation omitted). Mr. Bordenave's allegations map onto these elements. He alleges Mr. Danyus made a misrepresentation of fact by inflating the value of the replacement property in his appraisal. *See* Compl. ¶¶ 23– 24. Mr. Danyus' misrepresentation was allegedly made without the reasonable belief that it was true, and to lower Safeco's payment to Mr. Bordenave. *Id*. ¶ 44. The misrepresentation was allegedly made with the intent to induce Mr. Bordenave's reliance—to get him to accept Safeco's offer.

*See* Reply at 7.  Mr. Bordenave relied on the misrepresentation and chose to purchase a different property, and he "would not have done that but for Danyus' lowball estimate." *Id*. at 7–8.  Lastly, Mr. Bordenave seeks damages because "he had to pay more for a different property to obtain full replacement cost benefits." *Id*. at 8 (citing Compl. ¶¶ 14–25).  To the extent the complaint falls short of articulating these claims with more detailed factual allegations, Mr. Bordenave could likely add those allegations to an amended complaint; the joinder of Mr. Danyus was not fraudulent.  *See Livshetz*, 2020 WL 4748461, at *4 (holding joinder not fraudulent because defendants had not shown "[plaintiffs'] purported failure to meet the appropriate pleading standard could not be cured by amendment").

Because Mr. Bordenave could potentially state at least one negligent misrepresentation claim against Mr. Danyus, his joinder was not fraudulent.  *See Grancare,* 889 F.3d at 548.  The court need not reach Mr. Bordenave's other claims.

## IV. CONCLUSION

**The motion to remand is granted.**  This case is remanded to the Superior Court of the State of California in and for the County of Butte.

The Clerk is directed to **close** the case.

This order resolves ECF No. 6.

IT IS SO ORDERED.

DATED: July 16, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE